# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GERARDO CASTILLO,

    *Petitioner*,

vs.

LEGRAND, *et al.,*

    *Respondents*.

3:13-cv-00704-LRH-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

On initial review, it appears that the petition is subject to dismissal without prejudice because none of the claims therein have been fairly presented in the state courts through to the Supreme Court of Nevada and exhausted. Petitioner therefore will be directed to show cause why the petition should not be dismissed without prejudice for lack of exhaustion.

### *Background*

Petitioner Gerardo Castillo challenges his 2005 Nevada state conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon. He challenged the conviction on direct appeal and on state post-conviction review.

### *Governing Law*

The Court may raise issues of exhaustion *sua sponte*. *See, e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988). Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the

highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991).

A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

### *Discussion*

The federal constitutional claims in the petition clearly are wholly unexhausted.

In Ground 1, petitioner alleges that he was denied due process of law in violation of the Fourteenth Amendment because the state district court denied a request for a new trial based upon alleged newly discovered evidence that was presented in connection with a state post-conviction petition. Petitioner raised no constitutional claim in this regard on the state post-conviction appeal. Review of the post-conviction appeal briefing on the online docket record of the Supreme Court of Nevada[1] reflects that petitioner instead contended that the state district court abused its discretion in denying a new trial based upon alleged newly discovered evidence. Presenting a state law claim that the state district court abused its discretion did not fairly present a federal constitutional due process claim to the Supreme Court of Nevada. Petitioner cited to two federal appellate decisions in his argument that the state district court abused its discretion. However, he cited both cases for the

---

[1] *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a federal court may take judicial notice of matters of public record, including documents on file in federal or state courts). The Court is directing the Clerk to file copies of the relevant materials from the state supreme court's website as a court exhibit and to send a copy of same to petitioner.

applicable standard for a new trial based upon alleged newly discovered evidence, not for any federal constitutional principle. Neither case applied any federal constitutional law with respect to a claim seeking a new trial based upon alleged newly discovered evidence. The citation to these federal cases applying the standard for a new trial in a federal criminal case therefore did not exhaust a federal constitutional due process claim. *See, e.g., Castillo*, 399 F.3d at 1003 ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory.").

Ground 1 therefore is unexhausted. Petitioner must present both the operative facts and the federal legal theory upon which his federal ground is based to the state courts through to the state supreme court in order to exhaust a claim. He did not raise the federal legal theory in Ground 1 on the state post-conviction appeal.

In Grounds 2 and 3, petitioner presents claims of alleged ineffective assistance of trial counsel. He indisputably raised no such claims on the state post-conviction appeal. Petitioner attaches with the petition a copy of an August 20, 2012, letter from his state post-conviction appellate counsel reflecting that he had made an independent professional judgment to pursue only a claim regarding the denial of a new trial. The briefing on the state post-conviction appeal accordingly does not set forth any claims of ineffective assistance of counsel. The Supreme Court of Nevada further expressly confirmed in footnote 1 of its December 12, 2013, order of affirmance that petitioner had not pursued any claims of ineffective assistance of counsel on the state post-conviction appeal and that the claims therefore were abandoned.

Grounds 2 and 3 therefore also are unexhausted. To exhaust a claim in the Nevada courts, it must be fairly presented in the state courts through to the Supreme Court of Nevada. No claims of ineffective assistance of counsel were fairly presented to the state supreme court in this case.

Petitioner therefore must show cause in writing why the petition should not be dismissed as completely unexhausted.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition and the accompanying motion for appointment of counsel.

IT FURTHER IS ORDERED that, within **thirty (30) days** of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed for lack of exhaustion.

IT FURTHER IS ORDERED that the Clerk of Court (a) shall make copies of the materials listed below from the state supreme court's online docket record for No. 60480 in that court; (b) shall docket the copies as electronic attachments to a docket entry designated as a court exhibit in a manner consistent with the Clerk's current practice for such matters; and (c) shall send petitioner a copy of same along with this order, noting the transmittal of the copies in the docket entry:

1)      the August 23, 2012, appellant's opening brief;

2)      the November 13, 2012, appellant's reply brief; and

3)      the December 12, 2013, order of affirmance.[2]

IT FURTHER IS ORDERED that, in responding to this show-cause order, Petitioner shall identify by docket number, date, filing, and page and line number all state supreme court proceedings upon which he bases a claim of exhaustion. Petitioner further shall attach with his response copies of all state court filings and decisions – if not already contained in the foregoing court exhibit – upon which he relies to establish that the exhaustion requirement has been satisfied.

IT FURTHER IS ORDERED that the petition will be dismissed without further advance notice if petitioner does not timely respond to this order or fails to demonstrate in a response that the action should not be dismissed without prejudice for lack of exhaustion.[3]

DATED this 2nd day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] The online docket record of the Supreme Court of Nevada may be accessed at:

http://caseinfo.nvsupremecourt.us/public/caseSearch.do

Working links to printable .pdf files for the filings listed in the text of this order are to the far right on the online docket page for No. 60480.

[3] Nothing in this order signifies that the claims in the federal petition otherwise are free of other deficiencies. Petitioner at all times remains responsible for calculating the running of the applicable state and federal limitations periods, for timely seeking appropriate relief in the state and federal courts, and for exhausting state judicial remedies on his federal claims. The Court is holding the counsel motion under submission pending further review. The Court does not find that the interests of justice require the appointment of counsel in the interim.