# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GERARDO CASTILLO,

    *Petitioner*,

vs.

LEGRAND, *et al.*,

    *Respondents*.

3:13-cv-00704-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motions (## 9 & 11) for appointment of counsel and motion (#12) for an enlargement of time.

    Turning first to the counsel motion, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

    The Court does not find that the interests of justice require the appointment of counsel in this action.

    The Court directed petitioner to show cause in writing why the petition should not be dismissed without prejudice because the petition is completely exhausted. The show-cause order outlined the relevant procedural history, stated the governing law, applied that law to the claims and procedural

history in this case, and directed the Clerk to provide petitioner copies of the briefing and order of affirmance from petitioner's state post-conviction appeal, over and above the other state court related materials attached with his petition. The Court expressly found that the interests of justice did not require the appointment of counsel during the show-cause inquiry. #7, at 4 n.3.

Petitioner maintains that the issue of application of AEDPA procedural bars is unduly complex, that all of the alleged defects in exhaustion were created by direct appeal and state post-conviction counsel, and that he is at a loss as to the standards to apply, citing to procedural default cases.

The show-cause order is directed to lack of exhaustion, not procedural default. The order, again, clearly outlines the law applicable to that issue.

A petitioner potentially can establish that a claim is constructively exhausted because it is procedurally defaulted. To date, however, the state courts have not applied any procedural bars to any of petitioner's claims in the federal petition, given that petitioner has not fairly presented any of the claims to the state courts through to the state supreme court. Significantly, the Nevada state courts apply substantially the same standards as do the federal courts in determining whether a petitioner can overcome a possible procedural default of a claim.[1] The Court therefore will not find a claim constructively exhausted based upon the claim being procedurally defaulted unless the petitioner unequivocally stipulates that the unexhausted claims in fact would be denied on state procedural grounds if he returned to state court to present the claims. Such an unequivocal stipulation, to in truth be unequivocal in light of the procedural default rules under Nevada law, must include concessions that: (1) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome the state procedural bars; (2) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the

---

[1] Under state practice, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice." *E.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). In *Robinson v. Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical, as both require 'cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3. Moreover, the Nevada state courts also recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

alleged constitutional violation probably has resulted in the conviction of one who is actually innocent and cannot thereby overcome these procedural bars; and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence. Absent such unequivocal concessions, the Court will not hold that there is no possibility that the unexhausted claims would be considered by the state courts on the merits.

In short, if petitioner wishes to rely on procedural default case law to overcome the lack of exhaustion of his claims, he must unequivocally stipulate that he cannot overcome any applicable state procedural bars in the state courts. If he does not so stipulate, the Court will dismiss the petition without prejudice for complete lack of exhaustion. If he does so stipulate, then the Court instead will dismiss the petition with prejudice on the basis of procedural default.

Given that the Nevada courts apply substantially the same standards to overcome a procedural default as in federal court, there is no "middle area" where a petitioner can rely upon a possible procedural default to demonstrate the constructive exhaustion of his claims and then present a cause-and-prejudice or other argument for the first time in federal court to overcome the procedural bar. Rather, petitioner must present any such cause-and-prejudice or other argument to the state courts in the first instance if he seeks to overcome a possible procedural default of his claims.[2]

At present in this action, petitioner must respond to the show-cause order and demonstrate why the action should not be dismissed without prejudice for a complete lack of exhaustion. Following the further review herein, the Court does not find that the interests of justice require the appointment of counsel in this action, whether during the show-cause inquiry or otherwise. The fact that petitioner was sentenced in his twenties to consecutive life sentences with the possibility of parole does not require the appointment of counsel standing alone.

---

[2] Nothing in the Court's orders herein make any implied suggestion as to the running of the state and federal limitation periods. Petitioner at all times remains responsible for independently calculating the running of all applicable limitation periods and properly and timely asserting claims. The Court's orders herein make no implied representation as to the running of any limitation period and do not toll the running of any state or federal limitation period.

1  The motions for appointment of counsel therefore will be denied.  The Court will grant the
2  extension motion in part to the extent that petitioner shall have thirty days from entry of this order
3  within which to respond to the show-cause order.
4  IT THEREFORE IS ORDERED that petitioner's motion (#12) for an extension of time is
5  GRANTED IN PART, to the extent that petitioner shall have thirty (30) days from entry of this order
6  within which to mail a response to the show-cause order to the Clerk for filing.  The matter will be
7  dismissed without further advance notice if petitioner fails to timely respond and show cause why the
8  action should not be dismissed.
9  IT FURTHER IS ORDERED that petitioner's motions (## 9 & 11) for appointment of counsel
10  are DENIED.
11  DATED this 11th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE