# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GERARDO CASTILLO,

    *Petitioner*,

vs.

LEGRAND, *et al.,*

    *Respondents*.

3:13-cv-00704-LRH-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* inquiry into whether the petition should be dismissed without prejudice as wholly unexhausted. This order follows upon a prior show-cause order (#7), a subsequent order (#13) addressing petitioner's preliminary invocation of procedural default to constructively exhaust his claims, and petitioner's show-cause response (#14).

## *Background*

Petitioner Gerardo Castillo challenges his 2005 Nevada state conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon. He challenged the conviction on direct appeal and on state post-conviction review. In his show-cause response, petitioner does not contend that any of his claims are actually exhausted rather than constructively exhausted by procedural default. The particularized analysis outlining why none of the claims are actually exhausted is detailed in the show-cause order. See #7, at 2-3.

## *Governing Law*

The Court may raise issues of exhaustion *sua sponte*. *See, e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988). Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state

1  court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion
2  requirement, the claim must have been fairly presented to the state courts completely through to the
3  highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d
4  1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state
5  courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the
6  facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223
7  F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state
8  courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g.,*
9  *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the
10 state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct
11 alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722,
12 731(1991).
13     A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry*
14 *v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

### *Discussion*

16     Petitioner contends first that exhaustion would be futile because the state courts would reject
17 his claims on procedural grounds.
18     When petitioner referenced this argument prior to his show-cause response, the Court stated the
19 law that it applies in considering such an argument:

> A petitioner potentially can establish that a claim is constructively exhausted because it is procedurally defaulted. To date, however, the state courts have not applied any procedural bars to any of petitioner's claims in the federal petition, given that petitioner has not fairly presented any of the claims to the state courts through to the state supreme court. Significantly, the Nevada state courts apply substantially the same standards as do the federal courts in determining whether a petitioner can overcome a possible procedural default of a claim.[FN1] The Court therefore will not find a claim constructively exhausted based upon the claim being procedurally defaulted unless the petitioner unequivocally stipulates that the unexhausted claims in fact would be denied on state procedural grounds if he returned to state court to present the claims. Such an unequivocal stipulation, to in truth be unequivocal in light of the procedural default rules under Nevada law, must include concessions that: (1) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome the state procedural bars; (2) petitioner cannot

avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation probably has resulted in the conviction of one who is actually innocent and cannot thereby overcome these procedural bars; and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence. Absent such unequivocal concessions, the Court will not hold that there is no possibility that the unexhausted claims would be considered by the state courts on the merits.

> [FN1] Under state practice, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice." *E.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). In *Robinson v. Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical, as both require 'cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3. Moreover, the Nevada state courts also recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (*quoting Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

> In short, if petitioner wishes to rely on procedural default case law to overcome the lack of exhaustion of his claims, he must unequivocally stipulate that he cannot overcome any applicable state procedural bars in the state courts. If he does not so stipulate, the Court will dismiss the petition without prejudice for complete lack of exhaustion. If he does so stipulate, then the Court instead will dismiss the petition with prejudice on the basis of procedural default. Given that the Nevada courts apply substantially the same standards to overcome a procedural default as in federal court, there is no "middle area" where a petitioner can rely upon a possible procedural default to demonstrate the constructive exhaustion of his claims and then present a cause-and-prejudice or other argument for the first time in federal court to overcome the procedural bar. Rather, petitioner must present any such cause-and-prejudice or other argument to the state courts in the first instance if he seeks to overcome a possible procedural default of his claims.

#13, at 2-3 (second footnote omitted).

In the show-cause response, petitioner states:

> . . . [U]nder state procedural bars the . . . Nevada Supreme Court . . . does not recognize attorney errors and/or negligence as cause (Mitchell, 149 P.3d 33). Thus as such petitioner asserts that he cannot

-3-

> overcome the imminent state bar under the first example for cause provided by this Court (Dkt 13 at pg. 2 Ln 20). However the other example for cause can be met (Dkt 13 at pg. 2 Fn 1) wherein under . . . Murray v. Carrier 477 US 478 . . . House v. Bell 547 US 518 . . . the grounds in the instant habeas has set forth new evidence that if allowed before a jury would have substantiated petitioners [sic] contention for a finding of not guilty, due to actual innocence. . . . .

#14, at 1-2.

As explicitly stated in the prior order, the Nevada state courts also recognize actual innocence as a potential basis for overcoming a procedural default in state court. Petitioner thus cannot successfully establish that his claims are constructively exhausted on the premise that they would be procedurally barred in the Nevada state courts while at the same time maintaining that he can overcome a procedural default of the claims upon a showing of actual innocence. The argument that petitioner seeks to raise in federal court can be made to the Nevada state courts in the first instance. As the prior order stated, there is no "middle area" where a petitioner can claim that the Nevada courts would not hear his claims on the basis of procedural default while at the same time invoking an exception to procedural default rules that the Nevada courts also clearly recognize.

Petitioner therefore has failed to demonstrate that his claims are constructively exhausted on the basis of futility and procedural default.

Petitioner further requests that the Court enter a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). However, a stay is available only where the federal petition is a mixed petition including both exhausted and unexhausted claims. The federal petition in this action instead is completely unexhausted. A stay therefore is not available. *Rasberry,* 448 F.3d at 1154; *Jones v. McDaniel*, 2009 WL 890915 (9th Cir. April 2, 2009).

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice for complete lack of exhaustion.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of the completely unexhausted petition without prejudice to be debatable or wrong.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court shall serve a copy of this order and the final judgment by informal electronic

service upon Attorney General Catherine Cortez Masto, along with regenerated notices of electronic filing of the prior filings herein.  **No response is required from respondents in this matter other than to respond to the orders of any reviewing court.**

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED this 20th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE