# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GERARDO CASTILLO,

    *Petitioner*,

vs.

LEGRAND, *et al.,*

    *Respondents*.

3:13-cv-00704-LRH-VPC

ORDER

    This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#17) for reconsideration, which was filed within the time for seeking Rule 59 relief.

    The Court dismissed the action without prejudice because the petition is completely unexhausted. The Court rejected petitioner's argument that exhaustion is futile and that his claims are constructively exhausted because the claims allegedly would be procedurally defaulted in the state courts. The Nevada state courts apply substantially the same standards for overcoming a procedural default as do the federal courts, such that any argument that petitioner would present in federal court to overcome an alleged procedural default of his claims can be presented to the Nevada state courts in the first instance. See #15, at 2-4.

    Petitioner urges that, while the Nevada state courts recognize actual innocence as a basis for overcoming a procedural default, his attempt to obtain a new trial based upon newly discovered exculpatory evidence was "arbitrarily" denied. He requests a finding that exhaustion thus would be futile under *Engle v. Isaac*, 456 U.S. 107 (1982).

    The *Engle v. Isaac* decision undercuts rather than supports petitioner's reliance upon a prior state court holding as a basis for a purported futility exception to the exhaustion doctrine.

Exhaustion based upon procedural default in the state courts was not disputed in that case, and no suggestion was made to the Supreme Court that the Ohio state courts over four decades ago in the late 1970's were applying the same standards for overcoming a procedural default as were applied in the federal courts. *See* 456 U.S. at 125 n.28. In contrast, the Nevada state courts four decades later are applying the same standards to overcome a procedural default that are applied in the federal courts, including in particular with respect to alleged actual innocence. See #15, at 3. *Engle v. Isaac* makes no holding that a claim is constructively exhausted by procedural default in such a circumstance.

Indeed, what the Supreme Court did state about the matter of futility, with respect to cause to overcome a procedural default, cuts against petitioner's present futility argument:

> We note at the outset that the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial. If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. Allowing criminal defendants to deprive the state courts of this opportunity would contradict the principles supporting [the Court's procedural default jurisprudence].

456 U.S. at 130 (footnotes omitted).

In *Noltie v. Peterson*, 9 F.3d 802 (9th Cir. 1993), the Ninth Circuit thus questioned whether a futility exception remained viable following *Engle v. Isaac*. 9 F.3d at 805-06. The *Noltie* panel stopped short of explicitly overruling its prior futility-exception decision in *Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981), however, because the exception would not have been satisfied in *Noltie* in any event. *Id.* Accordingly, at this point, apposite and currently viable United States Supreme Court and Ninth Circuit precedential support for a futility exception *per se* is slim to nonexistent.

Rather, the Ninth Circuit's treatment of the issue in more recent and more apposite cases supports the Court's holding herein. Recent circuit cases also hold that a petitioner cannot – while still arguing that he can overcome the alleged procedural default in federal court – establish futility of exhaustion based upon the contention that the Nevada state courts would reject the very same argument under the very same standards. *See, e.g., Jones v. McDaniel*, 2009 WL 890915, at **1 (9th Cir. April 2, 2009). A petitioner, in short, cannot have it both ways in a circumstance where the state and federal

courts are applying the same standards to overcome a procedural bar. He cannot successfully argue that he has no available remedy in Nevada state court because the state courts would not rule favorably on his actual innocence argument while still seeking to overcome the alleged procedural default of his claim in federal court based upon the very same actual innocence argument adjudicated under the very same standard.

As discussed in the prior two orders, if petitioner wishes to unequivocally stipulate that he cannot establish actual innocence under the same standard applied in both state and federal court, then the Court will hold that the claims are exhausted by procedural default. Such a holding then immediately will be followed by a dismissal of the petition with prejudice rather than without prejudice. See #13, at 2-3. Absent such an unequivocal stipulation, as the Court has stated – now three times in this case – there is no "middle area" where a petitioner viably can maintain that his claims necessarily would be procedurally defaulted in the state courts while seeking to overcome that procedural default in federal court based upon the very same standards that the state courts would be applying if given an opportunity to address the claims.

Petitioner further relies upon Second, Third, and Seventh Circuit decisions that he contends establish "that the facts at hand meet the standard for retaining jurisdiction pending exhaustion of state remedies." *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001); *Crews v. Horn*, 360 F.3d 146 (3rd Cir. 2004); *Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000). Both *Zarvela* and *Crews* clearly involved mixed petitions where the petitioner had presented exhausted and unexhausted claims. Petitioner instead has presented a completely unexhausted petition. Nothing in the discussion in *Freeman* makes any suggestion that a petitioner can obtain a stay on a completely unexhausted petition. In all events, the law of the Ninth Circuit – which is the circuit authority that is binding in this Court – clearly holds that a petitioner cannot obtain a stay and retention of jurisdiction on a completely unexhausted petition. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001); *Jones, supra*. If a petitioner presents a wholly unexhausted petition, immediate dismissal instead is required. *Id.*

Finally, petitioner states that he does not concur in the Court's ruling, and he seeks clarification of the ruling. There is no need for further clarification following now three orders making the very

simple point that petitioner cannot establish exhaustion based upon his claims being procedurally barred while at the same time maintaining that he can overcome the procedural bars under standards that are the same in both state and federal court. A litigant's concurrence in a ruling otherwise is not a prerequisite to entry of judgment.

Nothing herein implies or establishes a basis for tolling of the federal limitation period as to any future action. Petitioner at all times remains responsible for satisfying all applicable state and federal procedural requirements and timely presenting exhausted claims. The Court simply is dismissing a completely unexhausted petition without prejudice as required by governing law, following a show-cause order.

IT THEREFORE IS ORDERED that petitioner's motion (#17) for reconsideration is DENIED.

IT FURTHER IS ORDERED that, to the extent that a certificate of appealability is required from the denial of a motion for rehearing under Rule 59, a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of the completely unexhausted petition without prejudice, or the rejection of petitioner's motion, to be debatable or wrong.

DATED this 1st day of July, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE