1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                 DISTRICT OF NEVADA

8                                          * * *

9    GERARDO CASTILLO,                        Case No. 3:13-cv-00704-LRH-VPC

10                              Petitioner,                 ORDER

          v.
11
     LEGRAND, et al.,
12
                               Respondents.
13

14          Petitioner Gerardo Castillo filed a *pro se* petition for writ of habeas corpus

15   pursuant to 28 U.S.C. § 2254, seeking relief with respect to his Nevada judgment of

16   conviction pursuant to a jury verdict for first-degree murder with the use of a deadly

17   weapon (ECF No. 8).  On June 20, 2014, this court dismissed the petition without

18   prejudice because it was wholly unexhausted, and judgment was entered (ECF Nos. 15,

19   16).  Castillo appealed (ECF No. 19).  The Ninth Circuit Court of Appeals granted his

20   motion for appointment of counsel, and the Federal Public Defender for the District of

21   Nevada was appointed on appeal (*see* ECF No. 24).  On October 3, 2016, the court of

22   appeals vacated this court's order dismissing the petition and remanded in light of its

23   recent decision in *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (ECF No. 28).

24          Now before the court is Castillo's counseled motion for leave to file a first-

25   amended petition and for a briefing schedule (ECF No. 31).  Respondents oppose leave

26   to file a first-amended petition (ECF No. 36), and Castillo replied (ECF No. 37).  Castillo

27   argues that generally this court grants leave to file an amended petition after counsel is

28
                                                1

appointed, that counsel will be able to streamline the amended petition to facilitate an efficient resolution to the case, that Castillo may have a colorable actual innocence claim, and that respondents will suffer no prejudice (respondents only appeared in this case on January 11, 2017, after remand) (ECF No. 31, pp. 3-6).  Good cause appearing, Castillo's motion to file an amended petition shall be granted.  The court is mindful, however, that a timely and judicially efficient resolution of the petition best serves the interests of justice and due process.  Castillo shall, therefore, have sixty (60) days from the date of this order to file and serve an amended petition.  The court is unlikely, absent extraordinary circumstances, to grant an extension of that deadline.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to file an amended petition (ECF No. 31) is **GRANTED**.  Petitioner shall file and serve his amended petition within **sixty (60) days** of the date of this order.

**IT IS FURTHER ORDERED** that respondents shall file a response to the petition, including potentially by motion to dismiss, within **forty-five (45) days** of service of the amended petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules.  Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall

do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number of the exhibit in the attachment.

**IT IS FURTHER ORDERED** that the parties SHALL SEND courtesy copies of all exhibits in this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

DATED this 25th day of April, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE